1   David W. Degnan (Az Bar No.: 027422)
    DEGNAN LAW, PLLC
2   2319 E Evans Dr., Suite 101
    Phoenix, AZ 85022
3   Phone: 602-818-4813
    Email: d.degnan@degnanlawaz.com
4
    Attorney for Plaintiff
5   Konstantin Malofeev

6
                    **IN THE UNITED STATES DISTRICT COURT**
7
                      **FOR THE DISTRICT OF ARIZONA**
8   Konstantin Malofeev,                          :
                                                   :
9              Plaintiff,                          :   **Civil Action No.**
                                                   :
10        v.                                       :
                                                   :   **Complaint for Damages and**
11  John Doe, whose true name is unknown,          :   **Injunctive Relief**
    and GoDaddy.com, LLC,  a Delaware              :
12  corporation, and Domains By Proxy, LLC,        :   **(Defamation and False Light)**
    a Delaware corporation,                        :
13                                                 :   **Jury Trial Demanded**
               Defendants                          :
14                                                 :

15        Plaintiff Konstantin Malofeev (hereinafter "Plaintiff" or "Malofeev") complains of

16  the defendants John Doe (hereinafter "Doe"), GoDaddy.com, LLC (hereinafter

17  "GoDaddy"), Domains By Proxy, LLC (hereinafter "DBP") (GoDaddy and DBP

18  collectively hereinafter "Defendants") as follows:

19                                    **PARTIES**

20        1.      Konstantin Malofeev is a Russian citizen, businessman, politician, and an

21  educator.  Malofeev is the Chairman of the Board of Directors of Marshall Capital

22  Group; a member of the board of trustees of the non-profit partnership "Safe Internet

23

                                   Complaint - 1

League"; the founder of the St. Basil the Great Charitable Foundation; the founder of the

St Basil the Great Grammar School, and the Chairman of its Supervisory Board; a

member of the Council of Deputies of Znamenskoye Rural Settlement of Ugransky

District in the Smolensk Region of the Russian Federation.

2. On information and belief, Defendant GoDaddy is a limited liability

company organized and existing under the laws of the State of Delaware, providing

Internet domain registration and web hosting services, with its principal place of business

at 14455 North Hayden Rd., Scottsdale, AZ 85260.

3. On information and belief, Defendant DBP is a limited liability company

organized and existing under the laws of the State of Delaware, providing domain privacy

services, with its principal place of business at 14455 N. Northsight Blvd., Suite 219,

Scottsdale, Arizona 85260.

4. Defendant Doe is an individual whose name and address is currently

unknown to Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332

because:

a)    Plaintiff is a citizen of the Russian Federation.

b)    All known defendants are citizens of the State of Arizona.

d)    There is complete diversity of citizenship between the Plaintiff and

the known defendants; and

1           e)    The amount in controversy exceeds the sum of $75,000.00,

2    exclusive of interest and costs.

3         6.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because all

4    known defendants are residents of this judicial district, or in the alternative, because a

5    substantial part of the events giving rise to Plaintiff's claims occurred in this judicial

6    district.

7         7.    This Court has personal jurisdiction over Defendants because Defendants

8    are engaged in and solicit substantial business in this judicial district and have their

9    offices here, and because Doe sought out the Defendants to obtain web services,

10   including hosting and identity concealment, in this judicial district.

11   **<u>NATURE OF THE ACTION</u>**

12        8.    On information and belief, Doe is the owner and operator of several

13   websites, namely: www.malofeev.com, www.malofeev.biz, www.malofeev.info,

14   www.malofeev.co, and www.kandidatmalofeev.com (hereinafter the "Websites").

15        9.    GoDaddy is the Registrar and content host of the Websites, which were

16   registered in or about November 2012.

17        10.    GoDaddy lists DBP as the registrant of the Websites.  In other words, the

18   identifying information of the registrant, Doe, including the registrant's name, address

19   and e-mail is concealed by DBP.

20        11.    The Websites were updated to publish numerous accusatory and harmful

21   statements concerning the Plaintiff.

22        12.    The Websites's addresses contain Plaintiff's last name Malofeev.

23

Complaint - 3

13.     The Websites contain assertions that Malofeev is "a thief and a criminal," who has committed fraud, privatization fraud, illegal purchasing of shares of regional energy companies, committing fraud on investors, and other alleged illegal acts.

14.     The Websites allege that Plaintiff was subject to a criminal investigation and a criminal proceeding in the Russian Federation Number 128291, which was allegedly conveniently closed, and that Plaintiff has violated Russia's Criminal Code, specifically: Art. 159 of the Russian Federation Criminal Code (fraud); Art. 160 (illegal possession and dissipation of assets); Art. 165 (damage to property through fraud); Art. 174 (legalization of funds obtained by illegal means); Art. 196 (fraud in bankruptcy); Art. 201 (misuse of position of trust); Art. 204 (commercial bribery); Art. 210 (organization of a criminal community); and Art. 291, Part 5 (official bribery in significant amount through an intermediary known for committing illegal acts).

15.     Plaintiff denies that he has engaged in fraud, money laundering or any other criminal activities as alleged by Doe's statements on the Websites.

16.     Plaintiff is a public official and public figure.

## COUNT I

## DEFAMATION OF KONSTANTIN MALOFEEV

17.     Plaintiff re-alleges paragraphs 1–16, and incorporates them herein.

18.     Doe and Defendants published and re-published, or caused to be published and re-published, numerous statements alleging that Malofeev engaged in criminal activity on several of the Websites, namely, www.malofeev.com, www.malofeev.biz, www.malofeev.info, www.malofeev.co, and www.kandidatmalofeev.com.

19.     By virtue of their publication on the Websites, these statements have been published to and seen by third parties.

20.     These statements published by or at the direction of Doe and Defendants are entirely false.

21.     These statements were published with negligence, malice, knowledge of their falsity and reckless disregard for the truth.

22.     These statements published by or at the direction Doe and Defendants are defamatory *per se* insofar as they allege Malofeev engaged in criminal activity or acted with moral turpitude.

23.     Malofeev's personal and professional reputations have been severely harmed by the publication of these false statements.

24.     Doe's and Defendants' aforesaid conduct has wrongfully damaged Malofeev and, unless restrained, will continue to cause Malofeev irreparable harm for which there is no adequate remedy at law.

25.     Malofeev has been damaged as a result of these statements in an amount more than $75,000.

## COUNT II

## FALSE LIGHT OF KONSTANTIN MALOFEEV

26.     Plaintiffs re-allege paragraphs 1–25, and incorporate them herein.

27.     Doe and Defendants published and re-published, or caused to be published and re-published, on the Websites numerous statements alleging that Malofeev is involved in vast criminal activity and corruption.

1    28.    By virtue of their publication on the Websites, these statements have been

2  published to and seen by the public.

3    29.    False allegations of vast and complex criminal conduct, including fraud,

4  bribery, conversion and money laundering are highly offensive to reasonable persons.

5    30.    Doe and Defendants published or caused to be published the false and

6  highly offensive statements with knowledge of or reckless disregard as to their falsity,

7  and with knowledge that such statements would put Malofeev in a negative and false

8  light.

9    31.    Doe's and Defendants' aforesaid conduct has wrongfully damaged

10  Malofeev and, unless restrained, will continue to cause Malofeev irreparable harm for

11  which there is no adequate remedy at law.

12    32.    Malofeev has been damaged as a result of these statements in an amount

13  more than $75,000.

14    33.    Malovfeev demands a jury trial.

15    WHEREFORE, Plaintiff seeks judgment as follows:

16    A.    A preliminary and permanent injunction enjoining Doe and Defendants

17  from publishing any defamatory statements about Plaintiff or statements that put Plaintiff

18  in the false light.

19    B.    Awarding Plaintiff Malofeev damages for defamation and false light in the

20  amount of $50,000,000.

21    C.    Ordering the Defendants to remove the Websites and transfer the rights in

22  their respective domains to Plaintiff.

23

1      D.      Awarding Plaintiff his costs and attorneys' fees incurred in this action by

2   reason of Doe's and Defendants' willfulness.

3      E.      Awarding Plaintiff pre-judgment interest; and

4      F.      Granting Plaintiffs such other and further relief as this Court may deem just

5   and proper.

6

7   Dated: December 14, 2014

8           Phoenix, Arizona

9                                           David W.Degnan.  (Az Bar No.: 027422)
                                            DEGNAN LAW, PLLC
10                                          2319 E Evans Dr., Suite 101
                                            Phoenix, Arizona 85022
11                                          602-818-4813
                                            d.degnan@degnanlawaz.com
12
                                            Attorney for Plaintiff
13                                          Konstantin Malofeev

14

15

16

17

18

19

20

21

22

23