David W. Degnan (Az Bar No.: 027422)
DEGNAN LAW, PLLC
2319 E Evans Dr., Suite 101
Phoenix, AZ 85022
Phone: 602-818-4813
Email: d.degnan@degnanlawaz.com

Attorney for Plaintiff
Konstantin Malofeev

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Konstantin Malofeev,<br><br>Plaintiff,<br><br>v.<br><br>Alexei Sorokin, an individual; Sarkis Grigoryan, an individual; Mikhail Kovalenko; www.malofeev.com, a Go Daddy Domain Name, www.malofeev.biz, a Go Daddy Domain Name, www.malofeev.info, a Go Daddy Domain Name, www.malofeev.co, a Go Daddy Domain Name; www.kandidatmalofeev.com, a Go Daddy domain name,GoDaddy.com, LLC, a Delaware corporation, and Domains By Proxy, LLC, a Delaware corporation,<br><br>Defendants | **Civil Action No. 2:14-cv-02674-DLR**<br><br>**Second Amended Complaint for Damages and Injunctive Relief (With Consent)**<br><br>**(Defamation and False Light)**<br><br>**Jury Trial Demanded** |

Plaintiff Konstantin Malofeev (hereinafter "Plaintiff" or "Malofeev") complains of the defendants www.malofeev.com, www.malofeev.biz, www.malofeev.info, www.malofeev.co, and www.kandidatmalofeev.com (collectively, "Websites"), Alexei Sorokin ("Sorokin"), an individual; Sarkis Grigoryan, an individual ("Grigoryan"); and Mikhail Kovalnko, an individual ("Mikhail") (collectively the "Website Owners");

GoDaddy.com, LLC (hereinafter "GoDaddy"), Domains By Proxy, LLC (hereinafter "DBP") (GoDaddy and DBP collectively hereinafter "Defendants") as follows:

**PARTIES**

1. Konstantin Malofeev is a Russian citizen, businessman, educator, and the head of a charitable organization. Malofeev is the Chairman of the Board of Directors of Marshall Capital Group; a member of the board of trustees of the non-profit partnership "Safe Internet League"; the founder of the St. Basil the Great Charitable Foundation; the founder of the St Basil the Great Grammar School, and the Chairman of its Supervisory Board. 2. Defendant GoDaddy is a limited liability company organized and existing under the laws of the State of Delaware, providing Internet domain registration and web hosting services with its principal place of business at 14455 North Hayden Rd., Ste. 219, Scottsdale, AZ 85260. Go Daddy is an Arizona corporate citizen, and jurisdiction and venue against Go Daddy is proper in Arizona.

3. Defendant DBP is a limited liability company organized and existing under the laws of the State of Delaware, providing domain privacy services with its principal place of business at 14455 North Hayden Rd., Ste 219, Scottsdale, AZ 85260 DBP is an Arizona corporate citizen, and jurisdiction and venue against DBP is proper in Arizona.

4. Alexei is the owner of Go Daddy website Malofeev.co. Defendant's records provide an inaccurate Texas phone number and, to date, an unresponsive email address. Go Daddy's records indicate that Alexei allegedly has a Russian address, although we have so far been unable to confirm the same. Pursuant to Go Daddy's terms of service, Alexei consented to Arizona's jurisdiction in a forum selection / choice of law

clause. Plaintiff reserves the right to seasonably update this paragraph upon learning new information through discovery.

5. Sarkis Grigoryan is the owner of Go Daddy website Malofeev.biz. Go Daddy's records provide an inaccurate Texas phone number and, to date, an unresponsive email address. Go Daddy's records indicate that Sarkis has a Russian address, although we have so far been unable to confirm the same. Pursuant to Go Daddy's terms of service, Sarkis consented to Arizona's jurisdiction in a forum selection / choice of law clause. Pursuant to Arizona's jurisdiction Plaintiff reserves the right to seasonably update this paragraph upon learning new information through discovery.

6. Mikhail Kovalenko is the owner of the Go Daddy website Kandidatmalofeev.com. Go Daddy's information contains an email address that is, to date, unresponsive. Go Daddy's records indicate that Mikhail has a Russian address, although we have so far been unable to confirm the same. Pursuant to Go Daddy's terms of service, Mikhail consented to Arizona's jurisdiction in a forum selection / choice of law clause. Plaintiff reserves the right to seasonably update this section upon learning new information.

7. The Domain Names www.malofeev.com, www.malofeev.biz, www.malofeev.info, www.malofeev.co, and www.kandidatmalofeev.com are owned by the above Website Owners and contain malicious and untrue information about the Plaintiff.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 and 1332 because of diversity of citizenship and federal question jurisdiction for the following reasons:

    a) Plaintiff is a citizen of the Russian Federation.

    b) Go Daddy is an Arizona corporate citizen, with its principal place of business in Arizona. .

    c) Upon information and belief, the Website Owners sought out and conducted business with an Arizona company and with Arizona citizens in an effort to harass and defame a celebrated international businessman in Arizona and abroad.

    d) Given that the accuracy of Go Daddy's records reveals inaccurate information, the true location of the Website Owners could be in Texas, in Russia, Arizona or in any other state in this Union.  Moreover, Plaintiff provided an Arizona company with incomplete or fictitious information in an effort to conceal its true location of the Website Owners

    e) There is complete diversity of citizenship between the Plaintiff and Defendants and the Defendants and the Website Owners;

    f) The amount in controversy exceeds the sum of $75,000.00, i.e. to be exact, in excess of $50,000,000 exclusive of interest and costs.

    g) This dispute between the Website Owners, the Defendants and Plaintiff arise out of a treaty between the United States and Russia.  In

2006, the United States and Russia both contracted to join the Singapore Treaty of the Law of Trademarks in March 2006.

h) This dispute raises a federal question jurisdiction under 15 U.S.C. 1125(a) and (d) entitled Cyber Piracy prevention for bad faith internet practices, causing damage to named individual. Thus, this complaint raises federal question jurisdiction.

i) In rem jurisdiction exists over all defendants pursuant to 15 U.S.C 1125(d).

j) The Website Owners contracted with Go Daddy. The Website Owners violated Go Daddy's terms and conditions, which contains an Arizona forum selection / choice of law clause.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because all known Defendants are residents of this judicial district, because a substantial part of the events giving rise to Plaintiff's claims occurred in and otherwise targeted individuals in this judicial district, and because the website owners agreed, per Go Daddy's terms of service, that Arizona law applies to this dispute.

9. This Court has personal jurisdiction over Defendants because Defendants are engaged in and solicit substantial business in this judicial district and have their offices here, and because the Website Owners have otherwise concealed their true address and sought out an Arizona Company to obtain web services, including hosting and identity concealment, in this judicial district. **NATURE OF THE ACTION - INTRODUCTION**

10. Plaintiff's agent was traveling on business in the United States when he came across the defamatory websites in the Plaintiff's own name.

11. Plaintiff is informed and credibly believes these websites were targeted at Arizona and United States residents in an attempt to create a smear campaign against Russian businessmen by posting untrue Websites.

12. Plaintiff further is informed and credibly believes from the content of the websites that the Website Owners intended to harass and damage the Plaintiff.

13. Plaintiff used a website run by an Arizona Company, Go Daddy, to gain fame or, upon information and belief, other profit, by smearing Plaintiff's good name and accusing a public figure, such as the Plaintiff, of criminal conduct.

13. Plaintiff asserts that as a result of Websites like this, Russian businessmen are denied access to open markets and their significant wealth, which provides the Website Owners with personal gain, notoriety, and so on.

14. These Website Owners hope to use Defendants and the Domain Names to skirt Arizona and United States law by defrauding an Arizona Company with false information, inaccurate or disconnected telephone numbers, and incomplete records, while masquerading as Russian citizens to avoid Arizona's and this Court's long judicial reach.

15. Under any interpretation, the use of plaintiff's domain name to accuse an international businessman of untrue and criminal conduct cannot be considered fair use.

**NATURE OF THE CASE – THE WEBSITES**

8. On information and belief, the Website Owners own and operate of several websites, namely: www.malofeev.com, www.malofeev.biz, www.malofeev.info, www.malofeev.co, and www.kandidatmalofeev.com.

9. GoDaddy is the Registrar and content host of the Websites, which were registered in or about November 2012.

10. GoDaddy lists DBP as the registrant of the Websites. In other words, the Website Owners were concealed from the Plaintiff.

11. The Websites were updated to publish numerous accusatory and harmful statements concerning the Plaintiff, which have hurt his public image.

12. The Websites' addresses contain Plaintiff's last name Malofeev.

13. The Websites contain assertions that Malofeev is "a thief and a criminal," who has committed fraud, privatization fraud, illegal purchasing of shares of regional energy companies, committing fraud on investors, and other alleged illegal acts.

14. The Websites allege that Plaintiff was subject to a criminal investigation and a criminal proceeding in the Russian Federation Number 128291, which was allegedly conveniently closed, and that Plaintiff has violated Russia's Criminal Code, specifically: Art. 159 of the Russian Federation Criminal Code (fraud); Art. 160 (illegal possession and dissipation of assets); Art. 165 (damage to property through fraud); Art. 174 (legalization of funds obtained by illegal means); Art. 196 (fraud in bankruptcy); Art. 201 (misuse of position of trust); Art. 204 (commercial bribery); Art. 210 (organization of a criminal community); and Art. 291, Part 5 (official bribery in significant amount through an intermediary known for committing illegal acts).

15. Plaintiff denies that he has engaged in fraud, money laundering or any other criminal activities as alleged by the Website Owner's statements on the Websites.

16. Plaintiff is a public official and public figure.

**COUNT I**

**DEFAMATION OF KONSTANTIN MALOFEEV – AGAINST WEBSITE OWNERS**

17. Plaintiff re-alleges paragraphs 1–16, and incorporates them herein.

18. Doe and Defendants published and re-published, or caused to be published and re-published, numerous statements alleging that Malofeev engaged in criminal activity on several of the Websites.

19. By virtue of their publication on the Websites, these statements have been published to and seen by third parties across the world and in Arizona.

20. These statements published by or at the direction of the Website Owners through the Defendants and are entirely false.

21. These statements were published with negligence, malice, knowledge of their falsity and reckless disregard for the truth.

22. These statements published by or at the direction the Website Owners and Defendants and are defamatory *per se* insofar as they allege Malofeev engaged in criminal activity or acted with moral turpitude.

23. Malofeev's personal and professional reputations have been severely harmed by the publication of these false statements.

24. The Website Owners' aforesaid conduct has wrongfully damaged Malofeev and, unless restrained, will continue to cause Malofeev irreparable harm for which there is no adequate remedy at law.

25. Malofeev has been damaged as a result of these statements in an amount more than $50,000,000.

**COUNT II**
**FALSE LIGHT OF KONSTANTIN MALOFEEV**
**(Against Website Owners)**

26. Plaintiffs re-allege paragraphs 1–25, and incorporate them herein.

27. Website Owners published and re-published, or caused to be published and re-published, on the Websites numerous statements alleging that Malofeev is involved in vast criminal activity and corruption.

28. By virtue of their publication on the Websites, these statements have been published to and seen by the public in Arizona.

29. False allegations of vast and complex criminal conduct, including fraud, bribery, conversion and money laundering are highly offensive to reasonable persons.

30. Website Owners published or caused to be published the false and highly offensive statements with knowledge of or reckless disregard as to their falsity, and with knowledge that such statements would put Malofeev in a negative and false light.

31. Website Owners' aforesaid conduct has wrongfully damaged Malofeev and, unless restrained, will continue to cause Malofeev irreparable harm for which there is no adequate remedy at law.

32. Malofeev has been damaged as a result of these statements in an amount more than $75,000.

33. Malovfeev demands a jury trial.

COUNT THREE – DEFENDANTS AND WEBSITE OWNERS
INJUNCTION FOR INTERNET BAD FAITH IN VIOLATION OF 11 U.S.C. 1125

34. Plaintiff reincorporates the above as if fully stated herein.

35. The Website Owners used Plaintiffs Name in publishing several websites.

36. The contents of those websites contained false and misleading information and misleading representations of fact that are likely to cause confusion and deceive as to the affiliation, connection of such person with criminals in violation of 11 U.S.C. 1125(a).

37. The Website owners are further liable in a civil action for using Plaintiff's personal name (his Trademark) because the Website Owners engaged in bad faith intent to profit from the Plaintiff's name and notoriety.

38. By federal law, Plaintiff's personal name is distinctive as he is highly involved with in his local community.

39. The Website Owners' bad faith intent is clear because:

a) The Website Owners use domain names that consist of the legal name of the Plaintiff or a name that is otherwise commonly used to identify the Plaintiff;

b) Upon information and belief, the Website Owner's presented material, incomplete, and misleading false contact information when applying for the registration of the domain name, and the Website Owners intentional failure to maintain and provide accurate contact information to Go Daddy; and

c) the Website Owners traffic in or otherwise purchased the above domain names in an effort to defame Plaintiff.

WHEREFORE, Plaintiff seeks judgment as follows:

A. A preliminary and permanent injunction enjoining Doe and Defendants from publishing any defamatory statements about Plaintiff or statements that put Plaintiff in the false light.

B. Awarding Plaintiff Malofeev damages for defamation and false light in the amount of $50,000,000.

C. Ordering the Defendants to remove the Websites and transfer the rights in their respective domains to Plaintiff.

D. Awarding Plaintiff his costs and attorneys' fees incurred in this action by reason of Doe's and Defendants' willfulness.

E. Awarding Plaintiff pre-judgment interest; and

F. Granting Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: March 13, 2015

Phoenix, Arizona

David W.Degnan. (Az Bar No.: 027422)
DEGNAN LAW, PLLC
2319 E Evans Dr., Suite 101
Phoenix, Arizona 85022
602-818-4813
d.degnan@degnanlawaz.com

Attorney for Plaintiff
Konstantin Malofeev