**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Konstantin Malofeev, | No. CV-14-02684-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Before the Court is Plaintiff Konstantin Malofeev's Motion for Default Judgment. (Doc. 52.) For the reasons stated below, the motion is denied.

## **BACKGROUND**

On December 14, 2014, Malofeev, a Russian citizen, filed suit against GoDaddy.com, LLC, and several unknown parties alleging defamation and false light. (Doc. 1.) On March 13, 2015, Malofeev filed a second amended complaint, which included a claim for violation of 15 U.S.C. § 1125, and named Alexei Sorokin, Sarkis Grigoryan, and Mikhail Kovalenko as Defendants (the "Individual Defendants"). (Doc. 11.)

Malofeev alleges that the Individual Defendants run several websites: www.malofeev.com, www.malofeev.biz, www.malofeev.info, www.malofeev.co, and www.kandidatmalofeev.com. (*Id.*, ¶¶ 4-6.) Using these websites, which are hosted by GoDaddy.com, the Individual Defendants allegedly published false information about

Malofeev; namely, that he is involved in criminal activities, such as fraud or money laundering, and that he was criminally investigated in Russia. (*Id.*, ¶¶ 7, 13-15.) Malofeev asserts these websites contain defamatory subject matter and cast him in a false light, for which he seeks $50,000,000 in damages and transfer of the websites to his name.

The Individual Defendants were served with the complaint via email, (Doc. 26), and the Clerk entered default against them on October 20, 2015, (Doc. 51). Malofeev now moves for default judgment against the Individual Defendants and an order transferring the rights to the websites to him. (Doc. 52.)

## LEGAL STANDARD

"Entry of default judgment . . . is left to the trial court's sound discretion." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once default has been entered by the Clerk, the Court may enter default judgment pursuant to Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts may consider several factors in determining whether to enter default judgment, including (1) the possibility of prejudice to the plaintiff, (2) merits of the claims, (3) sufficiency of the complaint, (4) amount of money at stake, (5) possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil procedure favoring decisions on the merits. *Id.* at 1471-72. All allegations in the complaint are taken as true, and the plaintiff "is required to prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

## ANALYSIS

Malofeev's motion does not analyze the merits of his case and he makes no attempt to examine the *Eitel* factors. Instead, the two-page motion merely recites the procedural history of the case and requests that the Court enter default judgment transferring the five websites to him. (Doc. 52 at 1-2.) Notwithstanding the deficient motion, the Court declines to enter default judgment for several reasons.

First, the Court likely lacks personal jurisdiction over the Individual Defendants.

Malofeev alleges that he is a Russian citizen. The complaint does not list his address or state whether he currently resides in the United States. He seeks default judgment against three Individual Defendants, all of whom are alleged to have Russian addresses, and all of whom were served via email. (Doc. 11, ¶¶ 4-6.) Although he argues that each Individual Defendant consented to jurisdiction in this forum via GoDaddy.com's terms of service, he fails to provide any allegations relating to those terms. Most importantly, the terms of service are binding between the Individual Defendants and GoDaddy.com; not between the Individual Defendants and Malofeev.

Furthermore, Malofeev does not allege that any harm occurred to him in this jurisdiction or that the Individual Defendants targeted the forum with their allegedly defamatory websites. Malofeev does not allege that the Individual Defendants have any contacts with the forum. Simply put, the Court's exercise of personal jurisdiction over the Individual Defendants in this case would violate due process. *See Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 858 (D. Ariz. 1999) ("[T]he Due Process Clause requires that nonresident defendants have certain *minimum contacts* with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (emphasis in original).

Second, even assuming the truth of the factual allegations, the second amended complaint fails to state a claim. Malofeev brings three claims: (1) defamation, (2) false light, and (3) violation of 15 U.S.C. § 1125. In order to establish defamation, the plaintiff must prove: (1) defendant made a false statement regarding plaintiff, (2) the statement was defamatory, (3) the statement was published to a third party, (4) defendant made the statement with actual malice, and (5) damages. *See Morris v. Warner*, 770 P.2d 359, 366 (Ariz. Ct. App. 1988). Actual malice is required because Malofeev alleges that he is a public figure, (Doc. 11, ¶ 13), and requires "proof that the defamatory statement was made with knowledge that it was false or with reckless disregard of whether it was false or not." *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 162 (1967) (internal quotation marks omitted). Malofeev does not identify a single defamatory statement in his complaint.

1  Nor does he specify which statements appeared on which website. There are no factual
2  allegations demonstrating that the statements are false, or that Defendants harbored ill
3  will toward Malofeev. The claim is insufficiently pled.

4  With respect to false light, "a public figure may bring a false light claim for
5  statements that relate to his private life and presents his private life in a false light."
6  *Ultimate Creations, Inc. v. McMahon*, 515 F. Supp. 2d 1060, 1066 (D. Ariz. 2007)
7  (internal quotation marks omitted). Because Malofeev does not identify any allegedly
8  false statements, the Court is unable to conclude whether the statements relate to
9  Malofeev's private life or his life as an alleged public figure. As such, this claim fails.

10 Section 43 of the Lanham Act, codified as 15 U.S.C. § 1125, "is a broad federal
11 unfair competition provision which protects unregistered trademarks." *Van Praagh v.*
12 *Gratton*, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) (internal quotation marks and
13 alterations omitted). "An unregistered mark . . . can be protected under the Lanham Act
14 if it would qualify for registration as a trademark." *Lopez v. Gap, Inc.*, 883 F. Supp. 2d
15 400, 414 (S.D.N.Y. 2012). "To qualify for trademark registration, a mark must be either
16 (1) inherently distinctive, where its intrinsic nature serves to identify its particular source;
17 or (2) distinctive by virtue of having acquired a secondary meaning in the minds of
18 consumers." *Van Praagh*, 993 F. Supp. 2d at 302 (internal quotation marks and
19 alterations omitted).

20 Malofeev alleges his "name is distinctive as he is highly involved . . . in his local
21 community." (Doc. 11, ¶ 38.) But the extent to which Malofeev is known in his
22 community is irrelevant. Trademark law protects names and symbols used in connection
23 with goods or services. Malofeev does not allege that his name is tied to a specific
24 product or service. Nor does he allege that his name is a registered trademark, or that he
25 has sought to register it. This claim fails as a matter of law.

26 Last, the Court finds no prejudice to Malofeev. He has failed to identify any
27 concrete harm suffered from the allegedly false information listed on the websites.[1] As

---

[1] An internet search conducted by the Court on January 13, 2016 revealed that all

such, the Court finds Malofeev will not suffer harm in the absence of default judgment.

**IT IS ORDERED** that Plaintiff's motion for default judgment, (Doc. 52), is **DENIED**. Within 7 days of the date of entry of this Order, Plaintiff shall show cause why the case should not be dismissed. Failure to respond will result in termination of the case without further order of the Court.

Dated this 19th day of January, 2016.

Douglas L. Rayes
United States District Judge

---

of the websites have been taken down or are in the process of being cancelled. None of the content on any of the sites was able to be viewed.